Chad Weese appeals the judgment of the Ross County Court of Common Pleas, Probate Division, denying his application to change the surname of his child from Griesheimer to Weese. Weese asserts that the trial court erroneously required him to present evidence of an "overwhelming reason" to support the name change. We disagree, and find that the trial court properly charged Weese with the burden of establishing that a name change is in his child's best interest. Weese also asserts that the trial court abused its discretion in its application of the factors the court must consider in resolving any name change application. We disagree, because we find that the record contains competent, credible evidence regarding each relevant factor, and the court's determination that the weight of the factors did not support a name change was not arbitrary, unreasonable or unconscionable. Finally, Weese asserts that the trial court erroneously gave his child's mother superior rights in naming the child. We disagree, because the General Assembly has specifically conferred upon mothers the right to choose their children's names at birth. Accordingly, we affirm the judgment of the trial court.
 I.
Chad Weese and Lisa Griesheimer have one daughter, born on November 12, 1994. At the time of the child's conception and birth, Griesheimer was married to another man, Mr. Griesheimer. Griesheimer gave her daughter the surname "Griesheimer" and held her out as the child of her husband. Griesheimer also had two sons by Mr. Griesheimer, one born before and one born after Weese's daughter.
When the Griesheimers divorced in 1997, Mr. Griesheimer received custody of the couple's two sons. After a paternity determination identifying the daughter as Weese's child, Griesheimer received custody of the daughter. Weese began paying child support after he learned that Griesheimer's daughter was his child. In January 1998, Weese filed a complaint seeking, inter alia, a change in the child's surname from Griesheimer to Weese.
The trial court denied Weese's petition, finding no compelling evidence indicating that it is in the best interest of the child to change her name. Weese appeals, asserting the following assignments of error:
 I. THE TRIAL COURT'S REFUSAL TO ALLOW THE CHILD TO BEAR THE NAME OF THE FATHER WHEN THE NAME CHOSEN BY THE MOTHER WAS THE NAME OF AN EX-STEPFATHER WAS BASED ON ITS IMPOSITION OF AN ERRONEOUS LEGAL STANDARD.
 II. THE TRIAL COURT'S REFUSAL TO ALLOW THE CHILD TO BEAR THE NAME OF THE FATHER WHEN THE NAME CHOSEN BY THE MOTHER WAS THE NAME OF AN EX-STEPFATHER WAS AN ABUSE OF DISCRETION THAT FAILED TO ADEQUATELY ASSESS THE FACTORS RELEVANT TO ANY DETERMINATION OF THE BEST INTEREST OF THE CHILD.
 III. THE TRIAL COURT'S REFUSAL TO ALLOW THE CHILD TO BEAR THE NAME OF THE FATHER WHEN THE NAME CHOSEN BY THE MOTHER WAS THE NAME OF AN EX-STEPFATHER, ARBITRARILY AND ERRONEOUSLY GAVE THE MOTHER A SUPERIOR RIGHT TO CHOOSE THE CHILD'S NAME.
 II.
In his first assignment of error, Weese asserts that the trial court erred as a matter of law by requiring him to meet an overly weighty burden of proof. Specifically, Weese refers to the trial court's finding that he presented "no compelling evidence" that the best interests of the child required a name change. Weese contends that this finding reflects the trial court's patent adoption of the "special overwhelming reason" standard rejected by this court in In the Matter of the Changeof Name of Davis (Aug. 7, 1992), Ross App. No. 1774, unreported. Additionally, Weese asserts that because he objected to his child's surname at his first opportunity to do so, the court should treat this case as an initial determination of his child's proper surname, not a determination of whether the court should change the surname. Weese urges that if we hold otherwise we will allow mothers to benefit from naming children without informing the fathers.
In reviewing whether the trial court erred in granting or denying an application to change a child's name, we generally apply an abuse of discretion standard of review. Jarrells v.Epperson (1996), 115 Ohio App.3d 69, 71; Davis, supra. In this case, however, Weese contends that the trial court committed an error of law by assigning the wrong burden of proof in evaluating his R.C. 2717.01 name change application. Accordingly, we must determine whether the trial court committed legal error by applying an incorrect standard in evaluating the evidence before it. See Davis, supra.
In Davis, an unmarried mother gave her newborn the father's surname in anticipation of marrying the father and changing her own surname. The parents never wed, and the mother filed a petition to change the child's surname to the mother's surname. The trial court applied the rule articulated in In re Newcomb
(1984), 15 Ohio App.3d 107, which stated that the paternal surname should prevail absent "a special and overwhelming reason" to the contrary. Newcomb at 110-111. The trial court found that, although the father had failed to manifest an interest in, support, or visit the child, he promptly objected to the name change. Therefore, the Davis court held that no special overwhelming reason existed to support changing the name of the child from the customary paternal surname.
On appeal, we found that the trial court erred by requiring the mother to demonstrate a special overwhelming interest in support of her petition, and remanded the petition to the trial court for application of the "best interests of the child" test articulated in Bobo v. Jewell (1988), 38 Ohio St.3d 330. SeeDavis, supra. Bobo held that when unmarried parents contest the surname of their child, the trial court must determine whether changing the child's surname is in the best interest of the child. Id. at paragraph two of the syllabus. The petitioning parent bears the burden of showing that the evidence weighs in favor of changing the name of the child. Davis, supra, (Grey, J., dissenting).
In this case, the trial court stated that Weese presented no "compelling evidence" to support a conclusion that it is in the best interest of the child to change her surname from Griesheimer to Weese. Upon review, we find that the trial court's use of the term "compelling" refers to the quality of evidence before the court, not Weiss' evidentiary burden. The trial court found that Weese, who bore the burden of proving by a preponderance of the evidence that changing his child's name is in her best interest, failed to present evidence establishing that a change would serve the child's best interest. Thus, the evidence presented did not compel the court to change the child's name from Griesheimer to Weese. The trial court's finding explicitly reflects that the trial court applied the "best interests of the child" test.
Moreover, the trial court clearly did not apply theNewcomb test. Weese interprets Newcomb to require a heightened burden upon the party seeking to change the child's name. Upon close reading, however, we find that Newcomb stood for the rationale that, because surnames are traditionally paternal, a heightened burden is required to depart from the paternal surname. Bobo and Davis, in contrast, simply require the court to determine the best interest of the child without reference to tradition. Had the trial court erroneously applied theNewcomb test, the error would have operated to diminish Weese's burden, not increase it.
Finally, we find no merit in Weese's suggestion that we should treat this case as an initial determination of his child's "proper surname," rather than as a name change case. The General Assembly enacted R.C. 3705.09(F) to enable mothers to give their children any surname they choose. Therefore, the initial determination of a child's proper surname is entirely within the mother's discretion; the court possesses no power or influence over that initial determination. Rather, the court only possesses the power to change the name of a child upon a showing that the change serves the best interest of the child.
Accordingly, we overrule Weese's first assignment of error.
 III.
In his second assignment of error, Weese asserts that the trial court erred by failing to address the factors relevant to determining the best interest of his child. Specifically, in determining the best interest of a child in terms of his or her surname, the trial court must consider: (1) how long the child has used his current surname; (2) the effect of a name change on the father-child and mother-child relationships; (3) the identification of the child as part of a family unit; (4) and the potential embarrassment or inconvenience of the child and custodial parent bearing different surnames. Bobo at paragraph two of the syllabus.
In reviewing whether the trial court erred in granting or denying an application to change a child's name, we apply the abuse of discretion standard. Jarrells, 115 Ohio App.3d at 71. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The trial court's decision must be supported by competent, credible evidence. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. However, we are not free to substitute our judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169. Rather, because the trial court is best able to view the witnesses and determine their credibility, we must defer to the trial court's judgment in assessing the best interests of the child. Jarrells at 72, citing In re Jane Doe 1 (1991), 57 Ohio St.3d 135.
In this case, the trial court determined that denying the father's petition served the child's best interests. The record reflects that the child has used the name "Griesheimer" for three years and that she knows herself by that name. Additionally, the record reflects that Griesheimer has custody of the child, and hence that the surname "Griesheimer" identifies the child's residential "family unit." Weese did not adduce any evidence at the hearing to suggest that Griesheimer plans to remarry and change her name, and hence no evidence that the court should not recognize "Griesheimer" as the maternal surname. Finally, Griesheimer testified that she wants her daughter to retain the "Griesheimer" surname so that she does not feel any more alienation from her two half-brothers, who now live with Mr. Griesheimer.
In support of Weese's application, the record shows that his child seems to think of Mr. Griesheimer as her father, and does not seem to understand that Weese is her father. Changing the child's name would strengthen the father-child relationship by clearly identifying Weese as the father, both in the eyes of his child and in the eyes of the community. Additionally, because Griesheimer is the custodial parent, the name change is unlikely to have a significant negative impact upon the mother-child relationship. Though his daughter has had the name "Griesheimer" for three years, she has never attended day care or school, and thus she is not known by that name among her peers. Finally, Weese notes that Griesheimer is only twenty years old, and contends that Griesheimer is likely to remarry and change her name, leaving their child with the name of a biological stranger.
Upon review, we find strong evidence supporting both positions in this name change application. Bearing in mind that we are not free to substitute our judgment for that of the trial court, we find that the trial court did not err by concluding that the best interests of the child are served by leaving her surname "Griesheimer." While Weese presented persuasive evidence, we cannot say that the trial court's finding that the evidence did not weigh in favor of changing the child's name constitutes an abuse of discretion.
Accordingly, we overrule Weese's second assignment of error.
 IV.
In his final assignment of error, Weese asserts that the trial court erred by effectively giving Griesheimer a superior right to name their child. Weese urges us to prevent Griesheimer from benefiting from her unilateral act of naming the child after her ex-husband and holding their child out as the child of her ex-husband.
As Weese notes, the rationale in Bobo reflects the Supreme Court's desire to set aside preferences for the one parent over the other in determining whether to change their child's surname. Bobo at 335. However, despite our adoption of parental equality in weighing whether a name change is in the best interest of the child, the General Assembly has clearly chosen to give the mother the right to name the child initially. See R.C. 3705.09(F). R.C. 3705.09(F) and Bobo do not conflict, as instances often arise wherein the mother petitions for a name change which the father opposes. See, e.g., Davis, supra. To the extent that the statute and Bobo do conflict, we are bound to follow the statute. Therefore, we find that the trial court did not err by effectively giving Griesheimer a superior right to name their child.
Accordingly, we overrule Weese's final assignment of error.
 V.
In conclusion, we find that the trial court did not err by imposing an incorrect burden of proof on Weese. We also find that the trial court did not abuse its discretion by concluding that a name change is not in the child's best interest. Finally, we find that the trial court did not err in giving Griesheimer a superior right to name the child.
Accordingly, we overrule each of Weese's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ______________________ Roger L. Kline, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.