[Cite as *Jones v. Smith* , 2010-Ohio-4461.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

IN THE MATTER OF:                    :
                                     :
DEREK R. JONES,                      :   Case No. 10CA4
                                     :
    Petitioner-Appellee,             :
                                     :   **Released: September 16, 2010**
    vs.                              :
                                     :
SASHA A. SMITH,                      :   DECISION AND JUDGMENT
                                     :   ENTRY
    Respondent-Appellant.            :
_____

APPEARANCES:

Brigham M. Anderson, Ironton, Ohio, for Respondent-Appellant.

Brenda K. Neville, Chesapeake, Ohio, for Petitioner-Appellee.

_____

McFarland, P.J.:

{¶1}     Respondent-Appellant, Sasha A. Smith, appeals the decision of the Lawrence County Court of Common Pleas, Probate-Juvenile Division. The trial court affirmed the magistrate's decision granting the request of Petitioner-Appellee, Derek R. Jones, to change the surname of the parties' child.  Smith argues that the court's decision was error because, in granting the name change, the court did not properly follow the factors listed in *Bobo v. Jewell* and *In re Willhite* and instead created a new test.  We disagree. Because the trial court performed the required best-interest analysis and did

not abuse its discretion in doing so, we overrule Smith's assignment of error and affirm the decision of the court below.

## I. Facts

{¶2} Appellant Smith gave birth to a child in March of 2008; at the time, she was unmarried. Smith gave the child her surname and did not list the name of the father on the birth certificate. Approximately three months later, Appellee Jones initiated judicial proceedings to establish paternity and to determine associated issues, including child support and parenting time. Jones also requested that the child's surname be changed to that of his own. The matter proceeded to trial before the magistrate and all matters, except the name change, were agreed upon or decided by the court.

{¶3} After taking the matter under advisement, the magistrate issued a decision finding it was in the child's best interest to change the child's surname from Smith to Jones. Smith filed objections to the magistrate's decision and the matter was scheduled for hearing before the trial court. After a full hearing, the trial court subsequently upheld the magistrate's decision. Smith then appealed that decision to this court.

{¶4} We considered the appeal in *Jones v. Smith*, 4th Dist. No. 09CA9, 2010-Ohio-131. Finding that certain language in the trial court's judgment entry created ambiguity as to whether it had conducted a de novo

or a deferential review of the magistrate's decision, we remanded. Upon remand, the trial court filed a judgment entry which, in no uncertain terms, makes it clear that it conducted an independent and non-deferential review of the magistrate's decision. Smith appealed once again and we now consider the appeal on its merits.

## II. Assignment of Error

THE TRIAL COURT'S DECISION TO CHANGE THE SURNAME OF THE MINOR CHILD WAS BASED UPON INSUFFICIENT EVIDENCE AND IS CONTRARY TO LAW.

## III. Standard of Review

{¶5}     When reviewing a decision that a child's name should or should not be changed, the reviewing court cannot simply substitute its judgment for that of the trial court. *Jarrells v. Epperson* (1996), 115 Ohio App.3d 69, 71, 684 N.E.2d 718. Such determination is within the sound discretion of the trial court and should only be reversed when that discretion is abused. Id. See, also, *In re Change of Name of Simers*, 4th Dist. No. 06CA30, 2007-Ohio-3232, at ¶8; *In re Change of Name of Dotson*, 4th Dist. No. 04CA5, 2005-Ohio-367, at ¶6. An abuse of discretion is more than an error of judgment; it is an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Id.

IV. Legal Analysis

{¶6}   In her sole assignment of error, Smith argues the trial court's decision to allow her child's name change is contrary to law. The Supreme Court of Ohio provided the framework for such decisions in *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 528 N.E.2d 180, and in *In re Willhite*, 85 Ohio St.3d 28, 1999-Ohio-201, 706 N.E.2d 778.

{¶7}   "In Ohio, name changes for minors and adults are governed by R.C. 2717.01(A). R.C. 2717.01(B), which governs name changes for minors, provides that '[a]n application for change of name may be made on behalf of a minor by either of the minor's parents * * *. [I]n addition to the notice and proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent or parents not consenting * * *.'" *Willhite* at 30.

{¶8}   "Further, the standard for deciding whether to permit a name change is 'proof that * * * the facts set forth in the application show reasonable and proper cause for changing the name of the applicant.'" Id., quoting R.C. 2717.01(A).

{¶9}    *Bobo* and *Willhite* determined that a name change request requires a best-interest-of-the-child analysis.  *Willhite* lists the relevant factors a trial court should consider:

{¶10}   "In determining whether a change of a minor's surname is in the best interest of the child, the trial court should consider the following factors: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest." *Whillhite*, at paragraph two of the syllabus.

{¶11}   Further, the Court warned against giving undue weight to the father's interest because of custom or tradition.  "We caution the courts, however, to refrain from defining the best-interest-of-the-child test as purporting to give primary or greater weight to the father's interest in having the child bear the paternal surname.  While it may be a custom to name a

child after the father, giving greater weight to the father's interest fails to consider that, where the parents have never been married, the mother has at least an equal interest in having the child bear the maternal surname.  In these times of parental equality, arguing that the child of unmarried parents should bear the paternal surname based on custom is another way of arguing that it is permissible to discriminate because the discrimination has endured for many years." *Bobo* at 334.

{¶12}   In the case sub judice, the trial court cited both *Bobo* and *Willhite* and engaged in the required best-interest analysis.  First, the court stated that because of the very young age of the child (not yet two years old at the time of the court's decision), the child's preference was not relevant.  Further, the court found that the length of time the child had had the surname Smith did not weigh against a name change.  The court reasoned that if his surname was changed, because of the child's young age he would be less likely to suffer from embarrassment or discomfort because he will have grown up knowing only one last name.  The court also stated that, because many of his future classmates would likely have last names which are different from their custodial parents, it is unlikely that the child would have to suffer embarrassment on that score.  Further, the court found that both parents are bonding with the child and that they would continue to love and

bond with the child regardless of the child's legal name. The final factor the trial court considered, and the one to which it gave the most weight, was the surname in the context of identifying the child as part of a family unit.

{¶13} During the hearing, Smith testified that the child's first and middle names were family names derived from her lineage. Addressing this point, the trial court stated the following:

{¶14} "At this point and [sic] time, the child's name does not have any connection to his father. The Court finds that even though the mother is the residential parent, this child needs to also have a familial connection with his father's family lineage. This factor is especially true given the strong family connection of the first and middle names. This child will benefit from having two identifiable family units to his name: one with his mother and one with his father. The father can create a bond with this child, but will lack the 'family unit' that could be established by the child having his surname. This way the child will be able to reflect upon his first and middle name as being derived from his mother's family and his last name derived from his father's. This factor weighs heavily in the mind of the Court, is persuasive and outweighs any negative impact raised by either party."

{¶15} Smith argues that the trial court gave greater weight to Jones' wishes simply because he is the father, and otherwise ignored the guidelines

set forth in *Bobo* and *Willhite*.  Instead, Smith contends that the trial court adopted a new test.  "According to the Trial Court the new test will be if the child in question is an infant and the mother chose the child's first name then the child shall bear the father's surname in order to identify with his 'family unit.'"  We disagree with this characterization of the trial court's decision.

{¶16}   As previously stated, and contrary to Smith's argument, the trial court did explicitly consider the relevant factors cited in *Bobo* and *Willhite*.  Further, the court articulated a reasonable basis for its decision, and that decision does not simply give greater weight to Smith due to custom or tradition.  The trial court's decision does not, as Smith contends, amount to a new best-interest test, requiring that when the mother gives the child's first and middle name, the father must be able to give the surname.  Instead, the decision simply states that, in the particular facts and circumstances of this case, and after considering all the relevant best-interest factors, because the name change will enable the child to better identify himself as part of a family unit, it is in the child's best interest to change his surname to Jones.

{¶17}   It is not the role of this court to substitute its judgment for that of the court below.  Whether or not we would have arrived at a different conclusion if we were undertaking a de novo review is not the issue.  Here, the trial court's decision was neither unreasonable, unconscionable, nor

arbitrary.  As such, it was not an abuse of discretion and we must overrule

Smith's sole assignment of error.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Probate-Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J. and Abele, J.: Concur in Judgment and Opinion.


For the Court,


BY:  _____
        Matthew W. McFarland
        Presiding Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**