[Cite as *In re Skeens*, 2011-Ohio-3424.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

IN THE MATTER OF: :
:
The change of name of Logan Wade Skeens.[1] :
: Case No. 11CA2
:
: <u>DECISION AND</u>
: <u>JUDGMENT ENTRY</u>
:
: File stamped date: 7-05-11
_____

<u>APPEARANCES:</u>

John W. Judkins, Greenfield, Ohio, for Appellant.

Michael T. Campbell, ROSE & DOBYNS Co., L.P.A., Wilmington, Ohio, for Appellee.
_____

Kline, J.:

**{¶1}** Isaiah Skeens (hereinafter "Father") appeals the decision of the Highland County Court of Common Pleas, Probate Division, which denied his application to change the surname of his son, Logan Wade Rolfe, from Rolfe to Skeens. On appeal, Father contends that the trial court abused its discretion. Because Father failed to meet his burden of demonstrating that a name change was in Logan's best interest, we disagree. Accordingly, we affirm the judgment of the trial court.

I.

**{¶2}** Logan is the child of Rachael Rolfe (hereinafter "Mother") and Father. When Logan was born, in July 2010, Mother and Father were married but separated. They

---

[1] For consistency and clarity, we use the case caption used by the trial court. We note, however, that Isaiah Skeens applied to change his minor child's name from Logan Wade Rolfe to Logan Wade Skeens. Because the trial court denied the name-change application, and because we affirm the decision of the trial court, the minor child's name remains Logan Wade Rolfe.

divorced shortly after Logan's birth. Mother gave Logan her maiden name as his surname because, at the time of Logan's birth, Mother had planned on divorcing Father.

{¶3} On October 26, 2010, Father filed an application to have Logan's surname changed from Rolfe to Skeens. In the application, Father noted that he and Mother were married when Logan was born and that Mother does not deny that he is Logan's father. And Father also stated that "Logan should carry the fathers [sic] last name as that is the tradition."

{¶4} The trial court held a hearing on December 15, 2010. At the hearing, Father testified that his problem in the marriage was with Mother, not Logan. Father also testified that he believed that Mother chose to give Logan her maiden name as his surname "out of spite." Tr. at 8. Father contended that Mother asked him not to be present at Logan's birth and that Mother refused to allow Father to see Logan for the first six months following the birth. Father also testified that he now has parenting time rights every other weekend and that he pays child support. Finally, Father acknowledged that Mother is Logan's residential parent.

{¶5} In its December 16, 2010 judgment entry, the trial court denied Father's application to change Logan's name. The trial court noted that Father had failed to satisfy his burden of demonstrating that a name change was in Logan's best interest.

{¶6} Father appeals and assigns the following assignment of error: I. "The trial court erred in failing to consider the effect that the minor child's name change would have on fostering a relationship with his father and identifying the child as part of a family unit."

II.

**{¶7}** Father contends that the trial court erred in denying his application to change Logan's surname from Rolfe to Skeens.

**{¶8}** We use an abuse-of-discretion standard to review a trial court's name-change decision. *Jones v. Smith*, Lawrence App. No. 10CA4, 2010-Ohio-4461, at ¶5. We will not substitute our judgment for that of the trial court, and we will reverse only if the trial court abused its discretion. Id. "An abuse of discretion is more than an error of judgment; it is an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary." Id.; *In re Change of Name of Simers*, Washington App. No. 06CA30, 2007-Ohio-3232, at ¶8.

**{¶9}** Father filed his application to change Logan's last name under R.C. 2717.01. "An application for change of name may be made on behalf of a minor by either of the minor's parents[.]" R.C. 2717.01(B). And the court may order the change of name upon a showing of "reasonable and proper cause." R.C. 2717.01(A). "When deciding whether to permit a name change for a minor child * * *, the trial court must consider the best interest of the child in determining whether reasonable and proper cause has been established." *In re Willhite*, 85 Ohio St.3d 28, 1999-Ohio-201, at paragraph one of the syllabus. "Father, who was the party moving for the name change of the minor, bore the burden of showing the name change would be in the child's best interest." *In re A.B.*, Cuyahoga App. No. 93693, 2010-Ohio-2227, at ¶11 (citations omitted).

**{¶10}** As stated, a request to change a child's name "should be granted only upon finding that it is 'in the best interest of the child.'" *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 334 (citations omitted). When determining the best interests of the child in a name-change case, "the trial court should consider the following factors: the effect of

the change on the preservation and development of the child's relationship with each

parent; the identification of the child as part of a family unit; the length of time that the

child has used a surname; the preference of the child if the child is of sufficient maturity

to express a meaningful preference; whether the child's surname is different from the

surname of the child's residential parent; the embarrassment, discomfort, or

inconvenience that may result when a child bears a surname different from the

residential parent's; parental failure to maintain contact with and support of the child;

and any other factor relevant to the child's best interest." *Willhite* at paragraph two of

the syllabus.

**{¶11}** Additionally, in *Bobo*, the Court warned against favoring the father's interests

when applying the best-interest-of-the-child test. Specifically, the Court stated, "[w]e

caution the courts * * * to refrain from defining the best-interest-of-the-child test as

purporting to give primary or greater weight to the father's interest in having the child

bear the paternal surname." *Bobo* at 334. The Court noted that arguing that a child

"should bear the paternal surname based on custom is another way of arguing that it is

permissible to discriminate because the discrimination has endured for many years." Id.

In *Bobo*, however, the parents of the child had never been married. Even though the

parents in this case were married at the time of Logan's birth, the reasoning of *Bobo*

applies. See *Willhite* at 31-32.

**{¶12}** Father argues that the trial court had evidence before it that a name change

was in Logan's best interest. Father states that Mother chose Logan's surname and

that there was evidence that Mother had obstructed Father's relationship with Logan.

On appeal, Father contends changing Logan's name would help Logan and Father develop a deeper bond.

{¶13}    We note that little, if any, evidence presented at trial supports the argument that a name change is in Logan's best interest. At the hearing, Father, acting pro se, explained to the trial court that he wanted Logan's last name changed because he had not abandoned Logan, and he felt that Mother "did this out of spite." Tr. at 8. Father also noted that "I'm in his life as much as I can be." Id. Father then answered the trial court's questions, which established that Father was Logan's father and that Father exercised his visitation rights. The trial court then asked Father: "And because you are and have been found to be Logan's father, you would like Logan to have your last name?" Id. 11. Father responded: "Yes." Id. Next, the court asked: "Basically that's your case?" Id. Again, Father responded: "Yes." Id.

{¶14}    After acknowledging, on cross-examination, that Mother was Logan's residential parent, the trial court asked Father if there was anything he would like to add as to why Logan's surname should be changed. Father stated as follows: "No, I mean I can't think of anything else. I'm his father, I'm in his life, I pay child support, I'm doing as much as I can at this point, I mean * * * there's absolutely no reason why he should not have my name." Tr. at 12.

{¶15}    Finally, following Mother's testimony as to why she felt Logan's last name should not be changed, the court offered Father an opportunity to provide a rebuttal statement. Father's rebuttal focused on the acrimonious nature of Father's relationship with Mother, not whether changing Logan's last name would be in Logan's best interest.

**{¶16}** The trial court, in its judgment entry, noted that Father had not carried his burden to show that a name change was in Logan's best interest. The judgment entry states that "[w]hen applying the reasons submitted by [Father] for the proposed change of surname to the standards outlined in *Willhite*, the Court cannot find it is in the 'best interest' of Logan to change his surname to Skeens."

**{¶17}** We cannot substitute our judgment for that of the court below. "Whether or not we would have arrived at a different conclusion if we were undertaking a de novo review is not the issue." *Jones* at ¶17. The trial court applied the proper test, and we find nothing unreasonable, unconscionable, or arbitrary about the trial court's decision. Accordingly, the trial court did not abuse its discretion when it denied Father's name-change request, and we overrule Father's sole assignment of error.

**{¶18}** Therefore, having overruled Father's assignment of error, we affirm the decision of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas, Probate Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, P.J. and McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
    Roger L. Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**