OPINION
Defendant-appellant, Trina R. Boysel-Walters, appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, granting the petition of plaintiff-appellee, David J. Perrill, to change the surname of the parties' child. We affirm the decision of the trial court.
Appellant and appellee conceived a child who was born on March 27, 1995. The parties were not married. Appellant named the child Caleb S. Boysel, giving the child her surname. Appellant filed an action to establish paternity and child support. Appellant later married and changed her surname to "Boysel-Walters."
Appellee petitioned the trial court to change the surname of their son from "Boysel" to "Perrill." Appellee testified that he did not like the idea of his son using appellant's married name of "Walters" as his last name. The parties do not dispute that Caleb has had the surname "Boysel" since his birth. They do disagree as to whether Caleb ever uses "Walters" as his surname.
The trial court considered the testimony of appellant and appellee and concluded that it would be in Caleb's best interest to change his surname to "Perrill." Appellant appeals from the trial court and raises one assignment of error for review:
 The Trial Court committed an error in finding that the surname of the child should be changed from Boysel to Perrill.
 In her assignment of error appellant argues that the trial court erred by granting appellee's petition to change Caleb's last name. Appellant argues that there is insufficient evidence "as a matter of law" to support the trial court's decision, that the trial court's decision is not supported by the weight of the evidence" and that the trial court abused its discretion by granting appellee's petition.
Pursuant to R.C. 3113.13(C), a court of common pleas may determine the surname by which a child shall be known after the establishment of the parent and child relationship, and may change a child's surname upon a showing that the name change is in the best interest of the child. Bobov. Jewell (1988), 38 Ohio St.3d 330, paragraph one of the syllabus;Piper v. Squicciarini (Dec. 20, 1999), Clermont App. No. CA99-02-015, unreported. In determining whether a change of a minor's surname is in the best interest of a child, the trial court shall consider:
 the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; [sic] parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.
In re Willhite (1999), 85 Ohio St.3d 28, paragraph two of the syllabus.[1] When considering the best interest of the child, a trial court shall not give primary or greater weight to the father's interest in having the child bear the paternal surname because the mother has at least an equal interest in having the child bear the maternal surname. Bobo, 38 Ohio St.3d at 334.
An appellate court is not free to substitute its judgment for that of the trial court when reviewing a decision that a child's surname should be changed. Jarrells v. Epperson (1996), 115 Ohio App.3d 69, 71. A reviewing court should also presume that the trial court's findings are accurate, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections and use these observations in weighing the credibility of the witnesses. Id. at 72. The determination of what is in the best interest of the child is within the sound discretion of the trial court, and its judgment is subject to reversal only upon a showing of an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's action was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Despite appellant's exhortations to the contrary, sufficiency of evidence and weight of the evidence are technically inapplicable to decisions regarding the change of a child's surname. "Sufficiency of evidence" is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. See, e.g., State v. Thompkins (1997), 78 Ohio St.3d 380, 386, quoting Black's Law Dictionary (6 Ed. 1990) 1433. Manifest weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them." Id. quoting Black's Law Dictionary (6 Ed. 1990) 1594.
Thus, by their very definitions, it is evident that the legal concepts of sufficiency and weight of the evidence do not strictly apply to the change of a child's surname in a parentage case. This is so because the trial court is not required to have before it affirmative evidence proving each of the elements in the "best interest" test. State ex rel.WCCSEA v. Felter (Dec. 22, 1999), Wayne App. No. 98CA0059, unreported;Hodge v. Gentit (Aug. 8, 1991), Montgomery App. No. 12505, unreported. The test sets out matters that must be considered by the court on the basis of the record before it, and each party has an opportunity to persuade the court that the record properly supports his or her position.Id. In cases of this kind the record is usually thin, and absent a showing that the trial court's decision has no basis in the evidence before it or was otherwise an abuse of discretion, an appellate court will not reverse the decision on appeal. See id.; Bobo,38 Ohio St.3d at 335.
Guided by the foregoing considerations, we are not inclined to conclude that the trial court abused its discretion in this case. The trial court heard the testimony of both appellant and appellee and, in a written decision, applied the evidence to the best interest factors. The trial court noted that Caleb's current surname is different from that of appellant and appellee. The trial court found that appellant is currently known as Mrs. Walters or Mrs. Boysel-Walters. Yet, appellant wanted Caleb's surname to remain as Boysel. Under the circumstances, Caleb's current surname does little to foster his affiliation with either parent.[2] Therefore, the trial court concluded that it would be in the best interest of the Caleb to change his surname to Perrill. The trial court's action was not unreasonable, arbitrary or unconscionable. The assignment of error is overruled.
Judgment affirmed.
 ______________________ POWELL, J.
YOUNG, P.J., and WALSH, J., concur.
[1] Although Willhite was concerned with a change of name application brought under R.C. 2717.01(A), the same considerations apply in a name change brought in a parentage action pursuant to R.C. 3111.13(C). SeePiper v. Squicciarini (Dec. 20, 1999), Clermont App. No. CA99-02-015, unreported.
[2] We note that this case is not one in which a parent was seeking or contesting a request to have both parents' surnames hyphenated and combined for the child. Cf. Willhite, 85 Ohio St.3d at 33 ("A combined surname is a solution that recognizes each parent's legitimate claims and threatens neither parent's rights * * * [and] merely represents the truth that both parents created the child and that both parents have responsibility for that child.").