DECISION AND JUDGMENT ENTRY
{¶ 1} Malisa Whiteley ("Appellant") appeals the judgment of the Washington County Court of Common Pleas denying her application for a name change for Hunter Michael Todd Simers, her minor son. She contends the trial court erred when it denied her application to add her surname to her son's current surname. Because we find the trial court applied an incorrect standard and considered an impermissible factor when evaluating the Appellant's application, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion. *Page 2 
 II. Facts {¶ 2} Hunter Michael Todd Simers was born to the Appellant and Michael Simers ("Appellee") on March 7, 2003. The Appellant and the Appellee were never married, but they lived together intermittently until October 2005, when they permanently separated. While the Appellant and the Appellee resided together, their son used the Appellee's surname, "Simers". After their separation, their minor son began using the Appellant's surname, "Whiteley".
 {¶ 3} On February 28, 2006, the Appellant filed an application to have the child's surname reflect her surname, as well as the Appellee's surname. On April 14, 2006, the Probate Division of the Washington County Court of Common Pleas held an initial hearing on the matter. At the conclusion of the hearing, the probate court judge recused himself because the Appellant's mother worked as a clerk in the Probate Division.
 {¶ 4} On June 16, 2006, the trial court conducted an evidentiary hearing concerning the Appellant's request to modify the child's name. At the conclusion of the hearing, the trial court denied the Appellant's application on the basis that "there [was] no compelling reason to [change the name]." The Appellant now appeals the trial court's decision, asserting the following assignment of error: *Page 3 
 {¶ 5} 1. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S APPLICATION TO ADD HER SURNAME TO THE SURNAME OF THE CHILD.
 II. Standard of Review {¶ 6} The Appellant contends the trial court erred in denying her application for a change of name for her minor son. R.C. 2717.01(A) requires courts to determine whether the facts set forth in the application show reasonable and proper cause for changing the name of the applicant. When deciding whether to permit a name change for a minor child pursuant to R.C. 2717.01(A), the trial court must consider the best interest of the child in determining whether reasonable and proper cause has been established. In re Willhite (1999), 85 Ohio St.3d 28, 32,706 NE.2d 778.
 {¶ 7} In determining whether a change of a minor's surname is in the best interest of the child, the trial court should consider: (1) the effect of the change on the preservation and development of the child's relationship with each parent; (2) the identification of the child as part of a family unit; (3) the length of time that the child has used a surname; (4) the preference of the child if the child is of sufficient maturity to express a meaningful preference; (5) whether the child's surname is different from the surname of the child's residential parent; (6) the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential *Page 4 
parent's; (7) parental failure to maintain contact with and support of the child; and (8) any other factor relevant to the child's best interest. Id.
 {¶ 8} When reviewing a decision that a child's name should or should not be changed, a reviewing court is not free to substitute its judgment for that of the trial court. Jarrells v. Epperson (1996),115 Ohio App.3d 69, 71, 684 N.E.2d 718. The determination of what is in the best interest of the child is within the sound discretion of the trial court. Id. An abuse of discretion involves more than an error of judgment; it is an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriffs Dept. v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24.
 III. Argument {¶ 9} The Appellant contends the trial court abused its discretion by denying her application for the name change because it applied the wrong standard of proof and placed too much emphasis on the Appellee's interest in having the child bear his surname. Throughout the hearing, the court stated that it did not appear that there was "any compelling reason to change the name[.]" The proper analysis, however, directs the trial court to consider the best interest of the child in determining whether reasonable and proper cause has been established. R.C.2717.01(A). The "compelling reason" *Page 5 
standard employed by the trial court places a greater burden on the movant than what is demanded by the actual standard, reasonable and proper cause. We recognize that a court generally speaks through its journal entry and here the entry cites the proper legal standards. However, the transcript reveals the court used the wrong legal standard in arriving at its decision.
 {¶ 10} Having made the determination that the trial court employed an improper standard, we must determine whether the trial court's utilization of that standard in resolving the name change application was prejudicial. For this Court to support a reversal of judgment, the record must affirmatively show not only that error intervened, but that such error was to the prejudice of the party seeking reversal. In reChange of Name of Trent Taylor Davis (Aug. 7, 1992), Ross App. No. 1774,1992 WL 208905, at *4, citing Gries Sports Enterprises, Inc. v.Cleveland Browns Football Co. (1986), 26 Ohio St.3d 15, 496 N.E.2d 959.
 {¶ 11} In addition to applying the incorrect legal standard, the trial court also considered an improper factor in its analysis. In formulating its decision, the trial court stated:
 "And this is — this is what I think. Mothers love their children and have a relationship to their children which is — doesn't matter what the name is. And I don't mean that Mr. Simers would love this child any less if the name was different. But men's relationship with their children is based on some different kinds of ways of relating, and one of the ways that men identify with their children is through name." *Page 6 
 {¶ 12} The trial court's analysis places too much emphasis on a father's interest in having his child bear his surname. In Bobo v.Jewell (1988), 38 Ohio St.3d 330, 334, 528 N.E.2d 180, the Supreme Court of Ohio warned courts against such a mistake, cautioning them "to refrain from defining the best-interest-of-the-child test as purporting to give primary or great weight to the father's interest in having the child bear the paternal surname." The Court further stated that "[i]n these times of parental equality, arguing that the child of unmarried parents should bear the paternal surname based on custom is another way of arguing that it is permissible to discriminate because the discrimination has endured for many years." Id. In Willhite, supra, the Court extended this line of reasoning, pronouncing that "arguing that the child of divorced parent should bear the paternal surname based on custom is similarly objectionable." Id. at 32. Applying theBobo and Willhite pronouncements to the case sub judice, we find that the trial court erred when it relied on custom as a factor weighing against the name change. Such error was impermissibly prejudicial to the Appellant, as the court depended upon it when rendering its decision on the Appellant's application. *Page 7 
 IV. Conclusion {¶ 13} Because the trial court applied an incorrect legal standard when evaluating the name change application, in addition to considering an improper factor, custom, we find that it abused its discretion. Accordingly, we reverse its decision and remand the case for proceedings consistent this opinion.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1