OPINION *Page 2 
{¶ 1} On July 17, 2002, appellant, Amber Wood, gave birth to a baby girl, Gabriella Wood. By administrative order filed December 17, 2002, appellee, Paul Palomba, was established to be Gabriella's father. Appellant was the residential parent.
 {¶ 2} On March 14, 2003, appellant, together with the Tuscarawas County Child Support Enforcement Agency and Department of Job Family Services, filed a complaint to establish child support. Proceedings were had and child support was established.
 {¶ 3} On February 2, 2004, appellee filed a motion for reallocation of parental rights and responsibilities, seeking custody or shared parenting. On March 10, 2004, the parties signed an agreed order whereby appellant was to remain as the residential parent.
 {¶ 4} On January 12, 2005, appellee filed a second motion for reallocation of parental rights and responsibilities. Following hearings before a magistrate, the magistrate recommended granting temporary custody of Gabriella to appellee. See, Decision filed April 29, 2005. Appellant filed objections. By judgment entry filed June 17, 2005, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 5} Following several motions and additional proceedings, on December 13, 2005, the parties signed an agreed judgment entry whereby appellee would be the residential parent.
 {¶ 6} On August 7, 2006, appellee filed a motion to modify surname. Following hearings before a magistrate, the magistrate recommended changing Gabriella's *Page 3 
surname from "Wood" to "Palomba." See, Decision filed December 18, 2007. Appellant filed objections. By judgment entry filed July 17, 2008, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 8} "AS THE PARENTAGE OF GABRIELLA WAS ADMINISTRATIVELY DETERMINED AND NOT IN DISPUTE, THE JUVENILE COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR AND RESOLVE THE ISSUE OF CHANGING HER SURNAME UNDER R.C. 3111.13(C)."
 II {¶ 9} "THE JUVENILE COURT ABUSED ITS DISCRETION BY CHANGING GABRIELLA'S SURNAME FROM WOOD TO PALOMBA, AS THE MOVANT WAS UNABLE TO DEMONSTRATE THAT A CHANGE OF SURNAME WOULD SERVE HER BEST INTEREST."
 I {¶ 10} Appellant claims the trial court lacked subject matter jurisdiction to determine the change of her daughter's surname under R.C. 31111.13(C). We disagree.
 {¶ 11} R.C. 3111.13 governs effects of judgment. Subsection (C) states the following in pertinent part:
 {¶ 12} "Except as otherwise provided in this section, the judgment or order may contain, at the request of a party and if not prohibited under federal law, any other *Page 4 
provision directed against the appropriate party to the proceeding, concerning the duty of support, the payment of all or any part of the reasonable expenses of the mother's pregnancy and confinement, the furnishing of bond or other security for the payment of the judgment, or any other matter in the best interest of the child.* * *"
 {¶ 13} Appellant argues the trial court lacked subject matter jurisdiction to entertain the surname issue because parentage was not determined by the trial court but through an administrative proceeding.
 {¶ 14} From the initiation of this matter, the jurisdiction of the Juvenile Court was invoked. On March 10, 2004, the Juvenile Court journalized an "Agreed Judgment Entry" that determined custody, residential parent, companionship, and child support relative to Gabriella. Commencing on March 14, 2003 to the present, the trial court has been involved in the custody, visitation, and support orders involving the child. The Juvenile Court's continuing jurisdiction over the matter is evidenced by the docket.
 {¶ 15} R.C. 3111.16 governs continuing jurisdiction and states the following:
 {¶ 16} "The court has continuing jurisdiction to modify or revoke a judgment or order issued under sections 3111.01 to 3111.18 of the Revised Code to provide for future education and support and a judgment or order issued with respect to matters listed in divisions (C) and (D) of section 3111.13 and division (B) of section 3111.15 of the Revised Code, except that a court entering a judgment or order for the purchase of an annuity under division (D) of section 3111.13 of the Revised Code may specify that the judgment or order may not be modified or revoked." *Page 5 
 {¶ 17} Appellant argues the proper court to determine a surname change is the Probate Court. In Bobo v. Jewell, (1988), 38 Ohio St.3d 330, 334, the Supreme Court of Ohio found that the Juvenile Court had jurisdiction to change a surname:
 {¶ 18} "Accordingly, we hold that pursuant to R.C. 311.13(C), a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and a showing that the name determination is in the best interest of the child."
 {¶ 19} Appellant appears to take issue with the fact that the Juvenile Court did not determine parentage and did not change the child's surname in 2003/2004. We find the trial court's action in signing the March 10, 2004 agreed judgment entry did in fact determine parentage. We do not find that the delay in changing the surname divested the trial court of jurisdiction.
 {¶ 20} Assignment of Error I is denied.
 II {¶ 21} Appellant claims the trial court's decision to change the child's surname was not in the best interests of the child. We disagree.
 {¶ 22} The granting or denying of a motion to change a child's name lies in the trial court's sound discretion. Jarrells v. Epperson (1996),115 Ohio App.3d 69. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 23} In Bobo at 335, the Supreme Court of Ohio held the following: *Page 6 
 {¶ 24} "In determining the best interest of the child concerning the surname to be used when parents who have never been married contest a surname, the court should consider: the length of time that the child has used a surname, the effect of a name change on the father-child relationship and on the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference, and any other factor relevant to the child's best interest. Courts should consider only those factors present in the particular circumstances of each case."
 {¶ 25} In the magistrate's decision filed December 18, 2007, the following findings were made to support the trial court's decision:
 {¶ 26} "1 Gabrielle Angelina Wood (DOB 07-17-02) age 5, is the daughter of Amber Wood and Paul Palomba.
 {¶ 27} "2. Amber Wood's maiden name is Moreland. Amber Wood maintained her married name of Wood after her divorce from Steve Wood. Amber Wood has two older children residing in her home, Austin Wood (son of Steve Wood) and Lance Wood (paternity unknown), both teenagers.
 {¶ 28} "3. Paul Palomba resides with his wife Stephanie Palomba, daughter Gabriella Wood, son Ozzie Palomba (age 3) and son Luciano Palomba (age 1). A new baby girl is expected in the spring of 2008. *Page 7 
 {¶ 29} "4. Paul Palomba testified to numerous occasions that confusion and difficulty has arisen due to Gabriella having a different last name from his entire household.
 {¶ 30} "5. Paul Palomba indicated he is a member of a large extended Catholic family and feels it would be in Gabriella's best interest to carry his surname. Paul Palomba points out that Gabriella Wood is NOT biologically a Wood.
 {¶ 31} "6. Paul Palomba described a doctor appointment in which he was embarrassed as it was assumed he was Gabriella's foster father.
 {¶ 32} "7. Paul Palomba indicates every new registration or situation requires an explanation to complete strangers and production of documents to verify his relationship to his own daughter. Paul Palomba does not want Gabriella (Ella) to feel different or less than a full member of his immediate family.
 {¶ 33} "8. Amber Wood testified Paul Palomba signed the baptismal certificate of Gabriella which at that time listed her name as Wood.
 {¶ 34} "9. Amber Wood indicated that Ella has had many changes in her life and to change her name now will be traumatic."
 {¶ 35} As noted by the Supreme Court of Ohio in Bobo, times have changed. In this modern era, married women choose to keep their maiden names and the existence of blended families has become more the norm than the unusual. No longer would all the Bradys of the "Brady Bunch" have the same surname.
 {¶ 36} Despite these nouveau trends, there still exist very traditional families that would prefer that all the children have the same surname. We cannot find the trial court erred in determining the change of the surname was in the best interests of the child. *Page 8 
We find the trial court followed the dictates of Bobo, and its decision is supported by the facts.
 {¶ 37} Assignment of Error II is denied.
 {¶ 38} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division, is hereby affirmed.
By Farmer, P.J. Gwin, J. and Hoffman, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division, is affirmed. Costs to appellant. *Page 1