[Cite as *In re Change of Name of E.C.G.*, 194 Ohio App.3d 385, 2011-Ohio-1749.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| In re Change of Name | : | Case No. 10CA40 |
| of E.C.G. | : | **Released: March 31, 2011** |
| | : | |
| | : | DECISION AND JUDGMENT |
| | : | ENTRY |

_____
APPEARANCES:

Mollica, Gall, Sloan & Sillery Co., L.P.A., and Gerald A. Mollica, for appellant.

Eslocker & Oremus Co., L.P.A., and T.E. Eslocker, for appellee.
_____

McFARLAND, Judge.

{¶ 1}  This is an appeal from an Athens County Court of Common Pleas, Probate Division, decision and judgment entry denying appellant-mother, C. C.'s, application to have the parties' five-year-old son's name changed to include the addition of her maiden name.  On appeal, appellant contends that the trial court (1) abused its discretion in considering matters not pertinent to the petition and (2) committed prejudicial error as a matter of law by not following the decision of the Supreme Court of Ohio in *In re Willhite* (1999), 85 Ohio St.3d 28, 706 N.E.2d 778. In light of our conclusion that the trial court properly considered and applied controlling statutory and case law and did not abuse its discretion in reaching its

decision, both of appellant's assignments of error are overruled.  Accordingly, the decision and judgment of the trial court are affirmed.

## FACTS

{¶ 2}  Appellant-mother, C. C., and appellee-father, S. G., were married on June 24, 1994.  Appellant took appellee's last name upon marriage.  One child, E.C.G.[1] was born of the marriage, on March 15, 2005, and was given appellee's last name.  The parties were divorced on August 8, 2008, at which point appellant chose to have her maiden name restored.  On May 3, 2010, appellant filed an application in the Athens County Court of Common Pleas, Probate Division, seeking to change the child's last name to include the addition of her maiden name in a hyphenated fashion.

{¶ 3}  Appellee opposed the application, and the trial court held a hearing on the matter in July 2010.  On the day of the hearing, the evidence revealed that the child was approximately five years and four months old, had been attending preschool, where he identified himself by and had already learned to spell his existing name, and was registered to begin kindergarten in less than one month.  The evidence also indicated that the parties had a shared-parenting arrangement and that both equally supported the child.  The trial court considered testimony by both appellant and appellee at the hearing and rendered a decision and judgment

---

[1] The middle initial "C." in the child's name did not represent appellant-mother's maiden name, but rather represented another family name.

entry denying appellant's application.  It is from this decision and judgment entry that appellant now brings her timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

I.    The trial court abused its discretion in considering matters not pertinent to the petition.

II.   The trial court committed prejudicial error as a matter of law by not following the decision of the [the Supreme Court of Ohio] [*I]n re Willhite* (1999), 85 Ohio St.3d 28.

## ASSIGNMENTS OF ERROR I AND II

{¶ 4}  In her brief, appellant argues and addresses her assignments of error together.  In light of this fact and as both assignments of error must be analyzed under the same standard of review, we will address them in conjunction as well. Appellant essentially contends that the trial court erred and abused its discretion in denying her application seeking to have her five-year-old son's name changed to include her maiden name.  Specifically, appellant contends that the trial court erred in considering matters that she claims were not pertinent to the issue, namely (1) appellant's failure to seek the name change while the marriage was intact and (2) appellant's failure to make the request as part of the divorce proceedings. Appellant also contends that trial court did not properly apply the best-interest-of-the-child standard in accordance with *Willhite,* 85 Ohio St.3d 28.

{¶ 5} When reviewing a decision that a child's name should or should not be changed, the reviewing court cannot simply substitute its judgment for that of the trial court. *Jarrells v. Epperson* (1996), 115 Ohio App.3d 69, 71, 684 N.E.2d 718. That determination is within the sound discretion of the trial court and should be reversed only when that discretion is abused. Id. See also *In re Change of Name of Simers*, Washington App. No. 06CA30, 2007-Ohio-3232, at ¶ 8; *In re Change of Name of Dotson*, Athens App. No. 04CA5, 2005-Ohio-367, at ¶ 6. An abuse of discretion is more than an error of judgment; it is an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Id.

{¶ 6} The Supreme Court of Ohio provided the framework for such decisions in *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 528 N.E.2d 180, and in *In re Willhite*, 85 Ohio St.3d 28.  As set forth in *Willhite*:

> In Ohio, name changes for minors and adults are governed by R.C. 2717.01(A). R.C. 2717.01(B), which governs name changes for minors, provides that "[a]n application for change of name may be made on behalf of a minor by either of the minor's parents * * *. [I]n addition to the notice and proof required pursuant to division (A) of this section, the consent of both living, legal parents of the minor shall be filed, or notice of the hearing shall be given to the parent or parents not consenting * * *."

*Willhite* at 30.

{¶ 7} "Further, the standard for deciding whether to permit a name change is 'proof that * * * the facts set forth in the application show reasonable and proper cause for changing the name of the applicant.' "  Id., quoting R.C. 2717.01(A).

*Bobo* and *Willhite* determined that a name change request requires a best-interest-of-the-child analysis. *Willhite* lists the relevant factors a trial court should consider:

> In determining whether a change of a minor's surname is in the best interest of the child, the trial court should consider the following factors: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.

*Willhite*, 85 Ohio St.3d 28, at paragraph two of the syllabus.

{¶ 8}  In the case sub judice, we conclude that the trial court properly engaged in the required best-interest analysis.  Although the trial court did not specifically cite all of the individual best-interest factors in issuing its decision, it stated as follows on the record at the conclusion of the hearing on the matter:

> Court:* * * I will take what I have learned here today and make sure I rereview <u>Willhite</u> and <u>Bobo-Jewell</u> and I don't believe there is [sic] any meaningful updates by our Supreme Court on those cases and will apply those standards to this fact pattern to render a decision in this case.

{¶ 9}  Further, in its decision and judgment entry, the trial court stated as follows:

> The controlling case law interpreting chapter 2717 of the Revised Code is found in Willhite and Bobo-Jewell, as cited by counsel.  The standard, simply stated, is proof that the facts set forth

in the application show reasonable and proper cause for changing the name. The case law enumerates factors to be taken into account in making such a determination. These have all been considered in reaching the decision in this case.

Thus, it is clear from the record before us that the trial court was well aware of the standard to be employed in reaching its decision on appellant's application for a change of name of her minor child. It is also clear that after conducting a hearing on the matter and considering testimony by both parties, the trial court applied that standard when rendering its decision. Therefore, we cannot conclude that the trial court erred or abused its discretion in denying appellant's application. Accordingly, the arguments set forth in appellant's second assignment of error are overruled.

{¶ 10} Our inquiry, however, does not end here. As set forth above, appellant also argues in her first assignment of error that the trial court abused its discretion in considering matters not pertinent to the petition, namely (1) appellant's failure to seek the name change while the marriage was intact and (2) appellant's failure to make the request as part of the divorce proceedings. We conclude, contrary to appellant's assertions otherwise, that these particular issues were pertinent to the petition to the extent that they relate to the age of the child at the time of the requested name change.

{¶ 11} The record reflects that during the hearing on the matter, appellee testified that the child was, and had for years, been enrolled in preschool, where he

had learned to spell his name and was known by his existing name. He testified that the child was scheduled to start kindergarten the coming fall. Further, appellee testified as follows with regard to the child's age as it related to the application for a name change:

> Q: Do you think at this time it would be in Emmett's best interests to change his name as the school year commences on August 20th?
>
> A. I do not. I think it would have been acceptable when the marriage ended. When he didn't know how to spell his name, or I think it would be open for discussion when he's older. Like he's 12 years old and he can make the decision for himself. When it's a decision that Emmett wants if that's something that he wants I'll completely support that[.]

{¶ 12} In its decision and judgment entry, the trial court stated as follows:

> Some undisputed facts revealed at hearing are particularly helpful in framing this decision. These parties were married in June of 1994. At that time, [Ms. C.] replaced her last name with the name [G.]. They lived together in this marriage through the time of [E.'s] birth on March 15, 2005. At the time of his birth the parties agreed to his complete name [E. C. G.]. Then, two years ago, the parties divorced and [Ms. C.] choose [sic] to have her maiden name restored in place of [G.]. At no time during these three significant life events was there any discussion suggesting that the child's name should include mother's maiden name. Until [Ms. C.] restored her maiden name, this was the [G.] family.

The eighth factor to be considered under *Willhite's* best-interest-of-the-child analysis is "any other factor relevant to the child's best interest." We conclude that the trial court's consideration of these facts was properly part of the best-interest analysis that the trial court expressly stated it performed in reaching its decision. This is true especially in light of appellee's testimony regarding the child's age at

the time of the application, as opposed to what his age would have been had appellant sought the change at the time of the divorce.

{¶ 13} It is not the role of this court to substitute its judgment for that of the court below. Whether or not we would have arrived at a different conclusion if we were undertaking a de novo review is not the issue. Here, the trial court's decision was not unreasonable, unconscionable, nor arbitrary. Therefore, it was not an abuse of discretion, and we must overrule appellant's first assignment of error.

{¶ 14} Having overruled both of appellant's assignments of error, we affirm the decision and judgment of the trial court.

Judgment affirmed.

HARSHA, P.J., and KLINE, J., concur.