[Cite as *In re Change of Name of A.L.P.*, 2012-Ohio-368.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97066**

## IN RE: CHANGE OF NAME OF A.L.P.

## S.K.

PLAINTIFF-APPELLANT

vs.

## A.S.

DEFENDANT-APPELLEE

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 10 NCH 0154491

**BEFORE:** Rocco, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** February 2, 2012

**ATTORNEY FOR APPELLANT**

Dominic M. Antonelli
Rieth, Antonelli and Raj
1406 West Sixth Street
Suite 200
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

John V. Heutsche
John V. Heutsche Co., L.P.A.
700 West St. Clair Avenue
Hoyt Block Building, Suite 220
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶ 1}  In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant S.K. appeals from the order issued by the Cuyahoga County Court of Common Pleas, Probate Division, that denied her application for a name change for her child, A.L.P.

{¶ 2}  The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983); App.R. 11.1(E).

**{¶ 3}** S.K. argues in her sole assignment of error that the probate court failed to properly consider the evidence she presented in making its decision. A review of the record demonstrates otherwise. Consequently, the probate court's decision is affirmed.

**{¶ 4}** A.L.P. was born in May 2005 as a result of S.K.'s "dating" relationship with defendant-appellee, A.S. S.K. knew A.S. did not desire to have a child. On A.L.P.'s birth certificate, S.K. gave A.L.P., as his surname, her own maiden surname. Several months after A.L.P.'s birth, S.K. obtained child support from A.S. by means of a court order. A.S. had no other connection to A.L.P.

**{¶ 5}** In April 2009, S.K. married, taking her husband's last name. She also began using her husband's last name for A.L.P., even registering him for athletic activities as "A.L.K." At the time of their marriage, S.K.'s husband already had two daughters. In January 2010, by the time S.K. filed her initial application for a name change for A.L.P., the couple had another child together.

**{¶ 6}** In her initial application, S.K. indicated that, because she had taken a married name, she wanted her son "to have the same last name." S.K. subsequently dismissed that application without prejudice and filed another application two months later. This time, she indicated that her son had "become integrated with, and identifies with, the family unit * * * ."

{¶ 7} The matter proceeded to a hearing. The probate court heard testimony from S.K. and from A.S. Thereafter, the court issued a judgment entry that denied S.K.'s application.

{¶ 8} This court cannot simply substitute its judgment for that of the probate court. *Jarrels v. Epperson*, 115 Ohio App.3d 69, 71, 684 N.E.2d 718 (3d Dist. 1996). Rather, the probate court's order is reversed only if the court abused its discretion. *Id.*

{¶ 9} S.K. argues that the probate court did not properly consider the evidence presented at the hearing in denying her application, but her argument is not supported by the record. Indeed, a review of the probate court's journal entry demonstrates that the court accurately detailed the history of the case, faithfully recounted the testimony adduced at the hearing, and applied the appropriate standards as set forth in R.C. 2717.01(A) and (B) and *State v. Willhite*, 85 Ohio St.3d 28, 1999-Ohio-201, 706 N.E.2d 778. *In re Change of Name of E.C.G.*, 194 Ohio App.3d 385, 2011-Ohio-1749, 956 N.E.2d 851 (4th Dist.); *In re A.B.*, 8th Dist. No. 93693, 2010-Ohio-2227, 2011 WL 2011008. In particular, the probate court determined S.K. failed to establish "reasonable and proper cause" for a name change for A.L.P. because the name change would not be in the child's best interest. *Willhite*, paragraph two of the syllabus.

{¶ 10} The probate court came to this conclusion based upon two main factors. First, A.S., who was legally responsible for the child's support, opposed the change. Second, S.K.'s husband had no legal relationship to A.L.P.

{¶ 11} Under such circumstances, the probate court determined a name change would give A.L.P., who was only six years old, "a false sense" of security; i.e., while he would believe he was "fully integrated into the family unit," his belief would not be the truth. The court determined that "it would be far more detrimental to the child to learn at a later time that [S.K.'s husband] is not his father, especially if the marriage would end and [S.K.'s current husband] would have no rights or responsibilities toward the child."

{¶ 12} The probate court considered all the evidence, including the fact that S.K. immediately took her husband's name when she married without considering the impact of differing surnames on A.L.P. The court also noted that, if full integration into the family unit were the cause for the mother's application, that goal would be better accomplished through a stepparent adoption. *In re Change of Name of E.C.G.*, 194 Ohio App.3d 385, 2011-Ohio-1749, 956 N.E.2d 851, at ¶ 12. Upon a review of the record, this court cannot find the probate court abused its discretion in denying S.K.'s application for the reasons the court provided. *Id.*, ¶ 13; *In re A.B.*, ¶ 28.

{¶ 13} S.K.'s assignment of error, accordingly, is overruled.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR