[Cite as *In re Name Change of O.B.A.*, 2021-Ohio-2212.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

IN THE MATTER OF:           :        Case No. 20CA3920
THE CHANGE OF NAME OF O.B.A.    :
                                    :
                                    :        <u>DECISION AND JUDGMENT</u>
                                    :        <u>ENTRY</u>
                                    :
                                    :        **RELEASED: 06/23/2021**

_____

<u>APPEARANCES</u>:

S. Andrew Sturgill, Portsmouth, Ohio, for Appellant.
_____

Wilkin, J.

{¶1} This is an appeal from a judgment of the Scioto County Court of Common Pleas, Probate Division ("probate court"), that denied appellant-father, Caleb Andronis' application to change his minor son's surname from Lore to Andronis. Appellee-Mother, Savanna Spencer Lore, has not filed a brief in opposition. Having reviewed the appellant's arguments, the record, and the applicable law, we overrule appellant's assignment of error, and affirm the probate court's judgment denying appellant's application.

BACKGROUND

{¶2} Appellee gave birth to a son ("O.B.L.") on January 17, 2017. On July 20, 2017, appellant filed a complaint in the domestic relations division of the court of common pleas for parentage, allocation of parental rights and responsibilities, and parenting time. On June 25, 2018, the court issued an agreed entry that in pertinent part found that appellant was O.B.L.'s biological

father, that appellee would be the custodial parent, and that appellant shall have parenting time.  Two days later, in the same court, appellant filed a motion to change O.B.L.'s surname without success.

{¶3} On June 14, 2019, appellant filed an application to change O.B.L.'s surname in the probate court.  A hearing for the application was set for September 12, 2019.  The hearing was rescheduled twice, but eventually held on February 26, 2020.  Three witnesses testified at the hearing: appellant, appellant's mother (Vicki), and appellee.

{¶4} Appellant testified that he applied to change O.B.L.'s surname from Lore, to appellant's surname, Andronis.  He testified that appellee informed him that he was O.B.L.'s father prior to the birth, but he was not present when the child was born.  Appellant further testified that during the parentage proceeding his relationship with appellee was "very negative," making it difficult for him to establish a relationship with O.B.L.  Appellant currently sees O.B.L. six days a month and he has a "very good" relationship with him.  Appellant stated that his mother, father, and brother spent a significant amount of time with O.B.L. and that appellee's family involvement with him is less significant.  Appellant testified that during appellee's parenting time, O.B.L. spends a lot of time with a babysitter.  When asked by his counsel why he wanted O.B.L.'s surname changed, appellant responded "[w]ell, I mean, he's my son and it's normally just customary.  I'd like to continue my last name and I've been proven to be the father and I've made all the right choices and corrections into being the father and I just think he deserves my last name."

{¶5} Next to testify was Vicki Andronis, appellant's mother. She testified that appellant takes care of O.B.L. "ninety-nine percent." She testified that O.B.L. also spends a lot of time with her husband (O.B.L.'s grandfather), Uncle Drew, and his cousins.

{¶6} The final witness was appellee. She testified that she has support from her family including her sister, father, aunts, uncles, and grandparents, and O.B.L. interacts with all of them. Appellee became aware that appellant wanted to change O.B.L.'s surname at the time he filed the application; however, she testified that she would prefer his name not be changed because it would be inconvenient and confusing to O.B.L. Lastly, she testified that she had been there for O.B.L. from the beginning, so he "deserved" her surname.

{¶7} On July 17, 2020, the probate court issued an entry that made findings based on the factors set out in *In re Willhite*, 85 Ohio St.3d 28, 32, 1999-Ohio-201, 706 N.E.2d 778 (1999), paragraph two of the syllabus, and concluded that it was not in O.B.L.'s best interest to have his surname changed. Accordingly, the court denied appellant's application to change O.B.L.'s surname. It is this judgment that appellant appeals, asserting a single assignment of error.

## ASSIGNMENT OF ERROR

THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S APPLICATION TO CHANGE THE SURNAME OF THE MINOR CHILD

{¶8} Appellant argues that the probate court abused its discretion when it denied his application to change O.B.L.'s surname from Lore to Andronis.

Appellant alleges that the probate court treated him arbitrarily and unfairly citing that both he and appellee testified that they each believed that the child "deserved" their respective surnames, but the court admonished only appellant for making that statement.  He argues that the court's "contempt for the appellant saturates its entire decision to deny his Application."  Finally, appellant argues granting his name change application would be in O.B.L.'s best interest under the *Willhite* factors.

{¶9} Before we proceed in setting out appellant's position, we feel it is necessary to address his argument that it is in O.B.L.'s best interest to grant the name change application. "[A]ppellate courts determine an appeal 'on its merits on the assignment of error[s]' and not on 'mere arguments.' "  *State v. Lykins*, 4th Dist. Adams No. 18CA1079, 2019-Ohio-3316, ¶ 66, quoting App.R. 12(A)(1)(b); *State v. Johnson*, 4th Dist. Scioto No. 17CA3814, 2018-Ohio-4516, ¶ 8.  The best interest determination for a name change application is made by the trial court after considering the evidence.  Our role on appeal is more limited, which is to determine whether the trial court abused its discretion in granting or denying the name change application.  *In re Skeens*, 4th Dist. Highland No. 11CA2, 2011-Ohio-3424, ¶ 8, citing *Jones v. Smith,* Lawrence App. No. 10CA4, 2010–Ohio–4461, ¶ 5.  Therefore, we have no authority to consider appellant's best interest argument.  Consequently, our analysis in this decision is confined to whether the court abused its discretion in denying appellant's name change application under the *Willhite* factors as asserted in his sole assignment of error.

{¶10} Under the first factor, appellant argues that changing O.B.L.'s surname would not detrimentally affect the preservation and development of O.B.L.'s relationship with appellee because appellee's surname is "Spencer Lore," while O.B.L.'s surname is "Lore." Therefore, appellant argues any confusion regarding O.B.L.'s surname already exists because he and appellee already have different surnames. The appellant also asserts that O.B.L. is so young there would be minimal confusion if his surname was changed to Andronis. Finally, he argues that contrary to the probate court's finding, it is not absurd to believe that a name change would improve the "dynamics" of appellant's relationship with O.B.L.

{¶11} Regarding the second factor, appellant argues that changing O.B.L.'s surname to Andronis would help his son identify with appellant's extended family because they have the same surname. He also states that changing O.B.L.'s surname would not be detrimental to his relationship with appellee, who testified that she plans to take her fiancé's surname; therefore, appellee's surname and any children she may have thereafter would be named "Lore Smithson."

{¶12} Regarding the third factor, the length of time that the child has had his or her surname, appellant recognizes that although O.B.L. has had Lore as his surname since birth, changing his surname now would have minimal detrimental effect because of O.B.L.'s young age.

{¶13} Regarding the fourth factor, whether the child is sufficiently mature to express a preference as to which surname he or she would prefer, appellant

argues that because O.B.L. is only three years old he cannot meaningfully choose which surname he prefers.

{¶14} Regarding the fifth factor, whether the child's surname differs from his or her residential parent, appellant again argues that changing his son's surname will have minimal impact because appellee's surname differs from O.B.L.'s.

{¶15} Regarding the sixth factor, whether a child who bears a surname that is different from the residential parent causes embarrassment, discomfort, or inconvenience, appellant argues that O.B.L. is not mature enough to suffer these feelings due to a name change.

{¶16} Regarding the seventh factor, whether a parent has failed to maintain contact with the child and provide support for the child, appellant argues that he has maintained contact and provided support.

{¶17} Finally, regarding the eighth and final factor, any other factor relevant to the child's best interest, appellant argues he cherishes his son and provides support for him. He also argues that the probate court's finding that he filed the application for the name change to harm appellee is "unfounded."

{¶18} Appellee has not filed a brief in opposition.

LAW

{¶19} R.C. 2717.01(B) permits a minor's name to be changed by an application "made on behalf of a minor by either of the minor's parents[.] " The applicant bears " 'the burden of showing the name change would be in the

child's best interest.' " *Skeens* at ¶ 9, quoting *In re A.B.,* 8th Dist. Cuyahoga No.

93693, 2010–Ohio–2227, ¶ 11.

**{¶20}** "[W]hen deciding whether to permit a name change for a minor child

pursuant to R.C. 2717.01(A), the trial court must consider the best interest of the

child in determining whether reasonable and proper cause has been

established." *Willhite*, 85 Ohio St.3d at 28, 706 N.E.2d 778; *In re Change of*

*Name of E.C.G.*, 194 Ohio App. 3d 385, 2011-Ohio-1749, 956 N.E.2d 851 (4th

Dist.) ¶ 7.  In making this determination:

> the trial court should consider the following factors: the effect of
> the change on the preservation and development of the child's
> relationship with each parent; the identification of the child as part
> of a family unit; the length of time that the child has used a
> surname; the preference of the child if the child is of sufficient
> maturity to express a meaningful preference; whether the child's
> surname is different from the surname of the child's residential
> parent; the embarrassment, discomfort, or inconvenience that
> may result when a child bears a surname different from the
> residential parent's; parental failure to maintain contact with and
> support of the child; and any other factor relevant to the child's
> best interest.

*Id.* at paragraph two of the syllabus.

"[The court] should consider only those factors present in the particular

circumstances of each case." *Bobo v. Jewell,* 38 Ohio St.3d 330, 528 N.E.2d

180 (1988), paragraph two of the syllabus.

**{¶21}** "We review a trial court's name-change decision under an abuse of

discretion standard of review." *Skeens*, Dist. Highland No. 11CA2, 2011-Ohio-

3424 at ¶ 8, citing *Jones* Lawrence App. No. 10CA4, 2010–Ohio–4461 at ¶ 5.

" 'Whether or not we would have arrived at a different conclusion if we were

undertaking a de novo review is not the issue.' " *Id.* at ¶ 17, quoting *Jones* at ¶

17. "We will not substitute our judgment for that of the trial court, and we will reverse only if the trial court abused its discretion." *Vice v. Sexton*, 4th Dist. Scioto No. 10CA3371, 2011-Ohio-1647, ¶ 25, citing *Jones* at ¶ 5. "An abuse of discretion involves more than an error of judgment; it is an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary." *In re Change of Name of Simers*, 4th Dist. Washington No. 6CA30, 2007-Ohio-3232, ¶ 8, citing *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.*, 63 Ohio St.3d 498, 506, 589 N.E.2d 24 (1992).

{¶22} In a name change application case there is no jury, so the probate court is the decider of facts. *See Combs v. Hobstetter-Hall,* 4th Dist. Lawrence No. 2016-Ohio-7407, ¶ 18 (In a bench trial, the court is the trier of fact). "The trier of fact is free to believe all, part or none of the testimony of each witness who appears before it." *In re Hare*, 4th Dist. Scioto No. 95CA2395, 1996 WL 139673, *4 (Mar. 25, 1996). Moreover, "[a] trier of fact is entitled to make reasonable inferences from the record." *In re T.C.*, 4th Dist. Washington No. 9CA10, 2009-Ohio-4325, ¶ 41.

{¶23} Appellant, as applicant, had the burden of proving that changing O.B.L.'s name would be in O.B.L.'s best interest. When asked during the hearing, why he wanted to change O.B.L.'s surname, appellant answered: "Well I mean he's my son and it's normally just customary. I'd like to continue my last name and I've been proven to be the father and I've made all the right choices and corrections into being the father and I just think that he deserves my last name." Custom "is not a proper factor for a trial court to consider in deciding

whether to grant an application for the name change of a minor." *In re Change of Name of Simers*, 4th Dist. Washington No. 6CA30, 2007-Ohio-3232 at ¶ 12, citing *Bobo*, 38 Ohio St.3d 330, 528 N.E.2d 180, and *Willhite*, 85 Ohio St.3d 28, 706 N.E.2d 778.  Moreover, the probate court considered all eight of the *Willhite* factors in evaluating the appellant's name change application, and found six of the eight factors indicated that a name change was not in O.B.L.'s best interest. And the court concluded:

> [I]t is not in the Child's best interests to change his name.  There is no reasonable and proper reason to do so.  He gets along well as things are. The applicant makes no argument that it will benefit the Child to change his name.  His arguments are all self-serving.  The name change is all for him, perhaps a weapon in a continuing battle with the [appellee].  The application is denied.

**{¶24}** Nevertheless, appellant argues the probate court abused its discretion in denying appellant's name change application.  Consequently, we will review appellant's arguments in that regard.

**{¶25}** Under the first *Willhite* factor, the probate court found that appellee spends more time with O.B.L., and a name change would strain the relationship between appellee and O.B.L. and cause O.B.L. confusion.  Appellant argues no confusion in changing O.B.L.'s surname to Andronis would arise because his surname and appellee's surname are already different.  Appellee testified that legally she has two last names, Spencer and Lore, without any hyphenation. While appellee does have the additional surname of Spencer, she and O.B.L. both share the same surname of Lore.  Therefore, we reject appellant's argument that the court was incorrect in determining that O.B.L. has the same surname as his residential parent, appellee.

{¶26} Under the second *Willhite* factor, the probate court found that O.B.L. identifies more with appellee's family than he does with appellant's family because he resides with appellee. In this regard, appellant alleges that the court's finding that O.B.L. spends more time with appellee than appellant by a five to one ratio is unsupported in the record. It is unclear from the record how the court calculated that time-share ratio, or if it is correct. But, despite appellant's allegation, he admits in his brief that "it is clear that the minor child spends more time with Appellee[.]" Therefore, we conclude that the probate court's finding - that appellee spends more time with O.B.L. than appellant does - is supported in the record.

{¶27} Under the third *Willhite* factor, the probate court correctly found that O.B.L. had the surname of Lore all 37 months of his life. This finding is not disputed by appellant.

{¶28} Under the fourth *Willhite* factor, the probate court found that O.B.L. was too young to express a preference regarding which surname he preferred. Appellant does not dispute this finding.

{¶29} Under the fifth *Willhite* factor, the probate court found that O.B.L.'s residential parent, appellee, and O.B.L. had the same surname. Appellant again argues that they do not have the same surname. This argument lacks merit as we found infra.

{¶30} Under the sixth *Willhite* factor, the probate court found that a name change would be inconvenient and cause discomfort for O.B.L. Appellant argues the court's finding that O.B.L. is not mature enough to choose which

surname he prefers also means that he is not mature enough to experience discomfort or inconvenience due to having a different name. The court did determine that O.B.L. was too young to make a meaningful choice between surnames, but here claims that it would be inconvenient and discomforting for O.B.L.'s surname to be changed. We agree with appellant that these findings seem to be inconsistent. Therefore, we conclude that the court's finding under the sixth *Willhite* factor is not supported in the record.

**{¶31}** Under the seventh factor, the probate court found in favor of the appellant in that he had maintained contact with the O.B.L., and has supported him. This factor is not disputed by appellant, and weighs in his favor.

**{¶32}** Under the eighth and final factor, the probate court found that "the [a]ppellant pursues this action to harm [appellee], rather than to promote the best interest of [O.B.L.]." Appellant alleges that this is an "unfounded conclusion."

**{¶33}** At the hearing, appellant testified that while attempting to establish parentage of the child, his relationship with appellee was "very negative" and "if we did talk, it was just arguing[.]" He also testified that the process of establishing parentage was "very frustrating," and when asked if he blamed appellee, he responded: "Absolutely." On cross-examination, appellant read the following passage from a text that he sent to appellee after learning she was pregnant:

> You owe me one fifty. This is bullshit. So happy, so happy that I'm having a kid with a girl who smokes cigs and weed. I'll be letting your parents know neither of us are ready for, neither of us are ready and you for sure aren't. So glad I'm having a kid, so

glad I'll have a kid around.  I'll be over this week to collect my money and talk to your parents.  I'll probably just shoot myself because that's, because that's the better option.  So, thanks for everything.

**{¶34}** Appellant further testified that he and appellee disagreed regarding the parenting of their son.  Appellant's mother described the relationship between her son (appellant) and appellee as "rocky."  Appellee also testified "there is no relationship" between she and appellant.

**{¶35}** The probate court, which personally viewed the testimony, had the best ability to assess the demeanor or credibility of the witnesses. *Hare*, 4th Dist. Scioto No. 95CA2395, 1996 WL 139673, *4 (Mar. 25, 1996).  And within its role as factfinder, the court inferred from the testimony that appellant was angry about the pregnancy, and his decision to pursue a name change was for the purpose of harming appellee.  *T.C.*, 4th Dist. Washington No. 9CA10, 2009-Ohio-4325, ¶ 41.

**{¶36}** Finally, appellant argues that the probate court treated him in an arbitrary and unfair manner when it admonished him for arguing that his son "deserved" his surname, but did not admonish appellee for making the exact same comment.  Appellant asserts that the court's "contempt for appellant saturates its entire decision to deny his Application."  We agree with appellant that the court's action of admonishing only the appellant is arbitrary, and we find no justification for it in the law; however, this action alone does not convince us that the court's ultimate decision to deny appellant's application was an abuse of discretion.

**{¶37}** In sum, we conclude the following: (1) the only reason espoused by appellant at the hearing in support of the name change application was because it was customary, which is not a factor that legally supports a name change; (2) the probate court's findings under the *Willhite* factors were all supported by the record except for the sixth factor; and (3) the court's weighing of those factors in denying appellant's application was not unreasonable, unconscionable, or arbitrary.

CONCLUSION

**{¶38}** Accordingly, because the probate court's denial of appellant's name change application was not an abuse of discretion, we affirm the court's judgment of denial.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Probate Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J.:  Concur in Judgment and Opinion.
Hess, J.: Concur in Judgment Only.

For the Court,


BY: _____
            Kristy S. Wilkin, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**